UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARVIN JOHNSON,

      Plaintiff,

v.                                  Case No: 8:14-cv-0041-T-27TBM

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the magistrate judge recommending that the decision of the Administrative Law Judge ("ALJ") denying Plaintiff's claims for disability insurance benefits and Supplemental Security Income be reversed and remanded (Dkt. 17). The Commissioner objects (Dkt. 18).

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

After a *de novo* review of the findings to which objections are made, and a review of the findings to which objection is not made for plain error, I agree with the magistrate judge that the decision of the Commissioner at Step Four is not supported by substantial evidence and that his alternative decision at Step Five is not in accordance with the correct legal standard. Accordingly, the objections are overruled, the Report and Recommendation is adopted as modified herein, and the Commissioner's decision is reversed and remanded.

1

## I.   THE COMMISSIONER'S OBJECTIONS

The Commissioner objects to the magistrate judge's conclusion that the ALJ erred at Step Five of the evaluation process.[1] The issue framed by those objections is whether the ALJ properly relied solely on the Medical Vocational Guidelines ("Grids") in determining that Plaintiff ("Johnson") is not disabled, rather than consulting with a vocational expert ("VE") as to whether his non-exertional limitations significantly limit his work skills at the given work level. As Judge McCoun noted, "[t]his case presents the recurring issue of whether the ALJ may rely exclusively on the grids for decision, or whether a vocational expert is required." (Dkt. 17, p. 14).

## II.   STANDARD

In social security cases, the ALJ's decision is reviewed to determine whether the correct legal standards were applied, *Graham v. Apfel*, 129 F.3d 1420, 1420 (11th Cir. 1997), and if the ALJ's conclusion as a whole is supported by substantial evidence. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The reviewing court "may not decide the facts anew, re-weigh the evidence, or substitute [its] judgment for that of the Commissioner." *Id.* Legal conclusions of the ALJ, however, are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

## III.   DISCUSSION

The Commissioner follows a five-step, sequential evaluation process to determine whether a claimant is disabled. *Winschel*, 631 F.3d at 1178. The first three steps are whether the claimant (1)

---

[1] Judge McCoun also found that the Commissioner erred at Step Four. The Commissioner did not expressly object to this finding, contending that any error at Step Four is harmless if the ALJ did not err at Step Five.

is currently engaged in substantial gainful activity; (2) has a severe impairment or combination of impairments; and (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments. *Id.* The fourth step is whether, based on the claimant's residual functional capacity ("RFC"), the claimant can perform any of his past relevant work despite the limitations caused by his impairments. *Id.* The fifth step is the subject of the Commissioner's objections.

At Step Five, the Commissioner bears the burden of establishing that Johnson is capable of performing jobs available in the national economy, considering his RFC, age, education, and work experience. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999), *cert. denied*, 529 U.S. 1089 (2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making that determination, the ALJ may either apply the Grids or consult with a VE. *Winschel*, 631 F.3d at 1180. There are limitations on exclusive reliance on the Grids, however.

Exclusive reliance on the Grids is not appropriate when the "claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004).[2] In those instances, an ALJ is required to consult a VE. (*Id.*). On the other hand, "[r]eliance on the grids is proper where substantial evidence supports the ALJ's determination that the claimant's non-exertional impairments did not significantly limit his ability to perform specified types of work." *Sryock v. Heckler,* 764 F.2d 834, 836 (11th Cir. 1985).

"Normally, when nonexertional limitations are alleged, 'the preferred method of

---

[2] Exertional limitations affect a claimant's ability to meet the strength demands of a given job, such as sitting, standing, walking, lifting, carrying, pushing, and pulling, while non-exertional limitations affect the claimant's ability to meet any other demand of a job, including mental, pain, and other physical limitations. *Phillips,* 357 F.3d at 1242 n.11. Relevant here, non-exertional impairments include "postural and manipulative limitations." *Walker v. Bowen,* 826 F.2d 996, 1003 (11th Cir. 1987); 20 CFR § 404.1569a ("reaching, handling, stooping, climbing, crawling, or crouching").

demonstrating that the claimant can perform specific work is through the testimony of a vocational expert.'" *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986); *Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989) ("Ordinarily, when non-exertional limitations are alleged, vocational testimony is used."). The mere existence of non-exertional limitations, however, does not prohibit use of the Grids. *See Perry v. Astrue,* 280 Fed. App'x 887, 895 (11th Cir. 2008) (citing *Sryock v. Heckler*, 764 F.2d at 836).

In this Circuit, as a threshold for relying solely on the Grids, the ALJ must find that the non-exertional limitations do not significantly limit the claimant's basic work activities. *Phillips*, 357 F.3d at 1559; *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) ("[I]t is only when the claimant can clearly do *unlimited* types of light work, ... that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.") (citing *Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989); quoting *Ferguson v. Schweiker*, 641 F.2d 243, 248 (5th Cir. Unit A, March 1981) (emphasis in original)); *Passopulos v. Sullivan*, 976 F.2d 642, 648 (11th Cir. 1992) (Grids may be used in lieu of VE testimony on specific jobs if none of the nonexertional impairments are so severe as to prevent a full range of employment at the designated level); *Sryock v. Heckler*, 764 F.2d at 836 ("[N]on-exertional limitations can cause the grid to be inapplicable only when the limitations are severe enough to prevent a wide range of gainful employment at the designated level.") (quoting *Murray v. Heckler*, 737 F.2d 934, 935 (11th Cir. 1984)).[3]

In his Report and Recommendation, Judge McCoun acknowledged this limitation on exclusive use of the Grids, as well as when consultation with a VE is required: "If the ALJ

---

[3] This Circuit interprets "significantly limit basic work skills" as limitations that prohibit a claimant from performing a "wide range" of work at a given work level. *See Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).

determines that the claimant's nonexertional limitations do not significantly limit him from performing 'a wide range' of work at a given work level, then the ALJ may rely on the grids to determine if the claimant is disabled" . . . "If the ALJ determines otherwise, the ALJ then must consult a VE." (Dkt. 17, p. 17). In applying those parameters, he relied primarily on three published decisions of the Eleventh Circuit: *Marbury v. Sullivan, supra, Foote v. Chater, supra,* and *Phillips v. Barnhart, supra.* Contrary to the Commissioner's contention, those cases support Judge McCoun's conclusion.[4]

Critical to resolving whether an error at Step Five occurred is this finding by the ALJ: "After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), *except that* he was able to only occasionally crouch, stoop, balance, crawl, kneel, climb ladders, ropes, scaffolds, ramps, and stairs." (Dkt. 6-1. p. 4 of 8) (emphasis added). Without expressly addressing whether those non-exertional limitations significantly limited Johnson's basic work skills, the ALJ concluded that his occasional postural limitations "*would not significantly erode the occupational base.*" (Dkt. 6-2 at 26) (emphasis added).[5] That finding, however, does not equate

---

[4] Defendant takes issue with Judge McCoun's reliance on *Marbury*, contending that it conflicts with prior Circuit precedent, citing *Sryock v. Heckler*, 764 F.2d 834 (11th Cir. 1985) and *Broz v. Schweiker*, 677 F.2d 1351 (11th Cir. 1982) *vacated and remanded sub nom. Heckler v. Broz*, 461 U.S. 952, *adhered to*, 711 F.2d 957, *modified*, 721 F.2d 1297 (11th Cir. 1983). Essentially, the Commissioner relies on this Circuit's prior precedent rule. *See Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003) (explaining effect of prior precedent rule). A careful comparison of *Marbury* with *Syrock* and *Broz*, however, reveals no conflict or inconsistency. Each case requires, as a threshold finding for exclusive use of the Grids, that the nonexertional impairments not significantly limit the claimant's basic work skills.

[5] The ALJ went on to find: "Based on SSR's 83-12 and 83-14, the addition of occasional postural limitations to a light residual functional capacity would not significantly erode the occupational base." (*Id.*). This finding seemingly implies that Johnson's occasional postural limitations may, at least to some degree, "erode the occupational base." That would not be the same as finding that he is able to perform "unlimited" light work, or a "wide range" of light work. The ALJ did not elaborate on what effects, if any, Johnson's postural limitations would have. That is where the testimony of a VE would have been helpful. Indeed, SSR 85-15 recognizes that where the effects of postural impairments "are difficult to determine, the services of a VS may be necessary." 1985 WL 56857, 6-7.

to a finding that Johnson could perform a full range of light work, that is, unlimited types of light work.

The Commissioner is correct that when considering a claimant's non-exertional limitations, the ALJ "need only determine whether [the claimant's] non-exertional impairments significantly limit her basis work skills . . ." [and] "[i]f the ALJ determines that a claimant's non-exertional limitations do not significantly limit her basic work skills at the given work level, then the ALJ may rely on the Grids to determine if the claimant is disabled." *See Phillips,* 357 F.3d at 1243. The problem here is that the ALJ did not make that finding.

After a *de novo* review, I agree with Judge McCoun that this case must be remanded, but for slightly different reasons. I conclude that remand is required because the ALJ did not make a finding that Johnson's non-exertional limitations significantly limit his basic work skills. Absent such a finding, exclusive reliance on the Grids was error. *See Walker v. Bowen,* 826 F.2d 996, 1003 (11th Cir. 1987) (failure to make specific finding as to whether non-exertional impairment was severe enough to prelude claimant from performing a wide range of sedentary work precluded exclusive reliance on the Grids).

Accordingly, the ALJ's decision at Step Five was not in accordance with the correct legal standard. Remand is therefore necessary so that the ALJ can determine whether the nonexertional impairments significantly limit Johnson's basic work skills. *See Phillips,* 357 F.3d at 1241-43. If they do not, exclusive reliance on the Grids would be appropriate. If they do, the ALJ must consult with a VE.

**Step Four**

As noted, the Commissioner did not object to the magistrate judge's finding at Step Four that the ALJ "failed to adequately develop the demands of Plaintiff's past work and substantial evidence

6

does not support his finding that Plaintiff could perform past work as an 'assembler/machine operator' as performed generally in the national economy." Since the ALJ erred at Step Five by relying solely on the Grids, it is necessary to review the magistrate judge's finding at Step Four for clear error. *See Macort v. Prem, Inc.*, 208 Fed. App'x, 781, 784 (11th Cir. 2006) (report and recommendation reviewed for "clear error" even in the absence of objections). I find that the magistrate judge did not clearly err in making this finding.

The ALJ did not, as the magistrate judge explained, develop the particulars of Plaintiff's past relevant work as an "assembler/machine operator." To support his conclusion that Johnson could perform his past relevant work, the ALJ was required to develop a detailed description of the duties and responsibilities of an "assembler/machine operator," and his failure to do so prevented him from determining whether Johnson had the residual functional capacity to perform that past work. *Schnorr v. Bowen,* 816 F.2d 578, 581 (11th Cir. 1987) ("Where there is no evidence of the physical requirements and demands of the claimant's past work and no detailed description of the required duties was solicited or proffered, the Secretary cannot properly determine whether the claimant has the residual functional capacity to perform his past relevant work.") (citing *Nelms v. Bowen*, 803 F.2d 1164, 1165 (11th Cir. 1986) ("In the absence of evidence of the physical requirements and demands of appellant's work the ALJ could not properly determine that she retained the residual functional capacity to perform it.")).

As a result, it was not possible for the ALJ to compare Plaintiff's past work to his RFC. His exchange with the VE did not develop the demands of the past relevant work, and the exhibits cited by the ALJ do not, as the magistrate judge observed, "speak to the matter of how such work is generally performed." Substantial evidence does not, therefore, support the ALJ's finding at Step Four.

7

## IV.    CONCLUSION

Defendant's Objections (Dkt. 18) are **OVERRULED**. The Report and Recommendation (Dkt. 17) is **ADOPTED** as modified herein. The decision of the Commissioner is **REVERSED and REMANDED for further proceedings** consistent with this Order. The Clerk is directed to **ENTER JUDGMENT** in favor of Plaintiff and **CLOSE** the case.

**DONE AND ORDERED** this _27_ day of March, 2015.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record